JAMES VANDER MOERE, JR., and BEA A. VANDER MOERE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vander Moere v. Commissioner
Docket No. 2153-77.
United States Tax Court
T.C. Memo 1978-430; 1978 Tax Ct. Memo LEXIS 86; 37 T.C.M. (CCH) 1778; T.C.M. (RIA) 78430; October 30, 1978, Filed *86 Petitioner, a self-employed individual covered under a qualified H.R. 10 plan, miscalculated the amount of his earned income for 1974; such error resulted in petitioner making a lower contribution to the plan in 1974 than the maximum allowable contribution under sec. 404(e)(1), I.R.C. 1954. Held, petitioner is not entitled to a deduction for a contribution which he intended to make to his H.R. 10 plan during 1974 but which was not actually paid into the plan during that year. James Vander Moere, Jr., pro se. William F. Garrow, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 4,563.32 in petitioners' Federal income tax for 1974. Another issue having been settled by the parties, the only issue remaining for decision is whether petitioner, a self-employed individual under a qualified H.R. 10 plan, is entitled to a deduction under section 404(a)[1]/ for an amount which he intended to contribute to the plan during 1974 but did not actually contribute due to his miscalculation of the amount of his earned income in that year. *90 All the facts are stipulated. At the time their petition was filed, petitioners James Vander Moere, Jr., and Bea A. Vander Moere, husband and wife, were legal residents of Rockford, Michigan. They filed their joint Federal income tax return for 1974 with the Office of Internal Revenue, Detroit, Michigan. Petitioner Bea A. Vander Moere is involved in the instant dispute solely by virtue of having filed a joint return with her husband. Since 1973, petitioner James Vander Moere, Jr. (hereinafter petitioner) has operated, as a sole proprietor, an insurance agency in Grand Rapids, Michigan, d/b/a Saunders-Vander Moere Agency (hereinafter the agency). The agency has only one other employee. Petitioner is an independent insurance agent; he collects premiums directly from clients and remits net premiums after commissions to the various insurance companies he represents. During 1974 petitioner treated himself as an employee of his sole-proprietorship insurance business and paid himself a biweekly draw of $ 1,000, a total of $ 27,000. Petitioner's only other employee was paid $ 400 biweekly, a total of $ 11,200. Federal and State income tax and social security tax were withheld *91 from petitioner's biweekly draw. Petitioner reported his income on the cash receipts and disbursements method of accounting for the calendar year 1974. Petitioner kept his own books and records for his insurance business and used the cash receipts and disbursements method of accounting for that business. During 1973 petitioner, as a self-employed person, established a qualified profit-sharing trust or H.R. 10 plan (hereinafter H.R. 10 plan). This H.R. 10 plan was in existence on January 1, 1974. For 1974 the taxable year of the H.R. 10 plan was the calendar year. During 1974 petitioner contributed to the H.R. 10 plan $ 4,050 on his own behalf. This figure was arrived at by multiplying his total biweekly draw of $ 27,000 times 15 percent. During that same year petitioner contributed to the H.R. 10 plan $ 1,680 on behalf of his only employee. This figure was also arrived at by multiplying the wages paid to the employee of $ 11,200 times 15 percent. On his 1974 joint Federal income tax return petitioner claimed a deduction of $ 4,050 for the contribution actually made on his own behalf to the H.R. 10 plan during that year. During 1974 petitioner intended to make the *92 maximum allowable contribution to his H.R. 10 plan. For Federal income tax purposes and for purposes of computing the H.R. 10 plan maximum allowable contribution, petitioner considered only his biweekly salary as constituting the total amount of his earned income for 1974. However, since his business was a sole proprietorship, petitioner was not an employee of the agency and his earned income in 1974 was his net profit from self-employment in that business rather than the sum of his biweekly draws. Sec. 401(c)(2)(A). The 1974 net profit from petitioner's insurance business, and thus his earned income for that year, was actually $ 37,025.66, an amount which exceeds by $ 10,025.66 the amount treated by petitioner as total earned income for that year. In his notice of deficiency respondent determined that petitioner was not an employee of the agency and reduced his taxable income as reported by $ 27,000, the amount of his "salary" during 1974. Further, respondent determined that petitioner was the sole proprietor of his insurance business and that the net profit of $ 37,025.66 from that business was includible under section 61 in his gross income for that year. [2]/ *93 Petitioner agrees with the adjustments made by respondent in his notice of deficiency. He argues, however, that he should be allowed to increase his H.R. 10 plan contribution for 1974 to the extent of $ 1,503.85 (the increase in earned income of $ 10,025.66 times 15 percent) and, correspondingly, should be allowed a deduction in that amount. We disagree. Contributions by a self-employed individual to his qualified profit-sharing trust (H.R. 10 plan) are deductible under section 404. [3]/ Subsection (a) of that section provides in pertinent part as follows: SEC. 404. DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN. *94 (a) General Rule.--If contributions are paid by an employer to or under a * * * profitsharing * * * plan * * * such contributions * * * shall not be deductible under section 162 * * * or section 212 * * * but, if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year: * * *
(3) Stock bonus and profit-sharing trusts.-- (A) Limits on deductible contributions.--In the taxable year when paid, if the contributions are paid into a * * * profit-sharing trust * * *. Section 404(e)(1)[4]/ limits the amount that a self-employed individual is entitled to deduct in any taxable year. That section prescribes that the self-employed individual may deduct an amount which does not exceed the lesser of $ 7,500 or 15 percent of earned income derived by the petitioner from the trade or business with respect to which the plan is established. *95 It is stipulated that petitioner's earned income for 1974 was his net earnings from self-employment in his insurance business and that petitioner incorrectly computed his earned income for that year. As a result, he made a lower contribution and was allowed a lesser deduction than the maximum allowable under section 404(e)(1). No additional contribution was paid during or on account of 1974. In these circumstances and for the reasons hereinafter discussed, petitioner is not entitled to any deduction for 1974 beyond the amounts actually paid into the H.R. 10 plan during that year. The pertinent language in section 404(a), quoted above, allows deductions for contributions "paid" to a profit-sharing trust in "the taxable year when paid." In Don E. Williams Co. v. Commissioner,429 U.S. 569, 578-579 (1977), THE Supreme Court, dealing with an accrual basis taxpayer, held that the word "paid" as used in section 404(a) meant that "all taxpayers [both accrual and cash basis taxpayers] must pay out cash or its equivalent by the end of the grace period in order to qualify for the section 404(a) deduction." The "grace period" for an accrual basis taxpayer was provided *96 by section 404(a)(6). As it read prior to the Employee Retirement Income Security Act of 1974 (hereinafter ERISA), that section permitted otherwise allowable deductions for the accrual basis taxpayer "if the payment is on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year (including extensions thereof)." But no grace period was provided for cash basis taxpayers. Section 1013(c)(2) of ERISA amended section 404(a)(6) to afford the same grace period to a cash-basis taxpayer. Under that provision, irrespective of the taxpayer's method of accounting, a deduction for a payment to a profit-sharing trust is allowable for a taxable year only if the payment is actually made by the due date of the return, including any extensions thereof. Even if this amendment were applicable to 1974, the year here in controversy, it would not aid petitioner because he did not make the payment within the extended period. [5]/ *97 Although petitioner contributed to his H.R. 10 plan less than the maximum amount he could have contributed in 1974, no authority exists for allowing him a deductible make-up contribution in a subsequent year. Contributions on behalf of a self-employed individual are deductible, if at all, only in the taxable year in which the contribution is paid or deemed paid under section 404(a)(6); carryover deductions are not permitted. Section 404(a)(9)(B); section 1.404(e)-1(b)(3)(iii), Income Tax Regs.
Petitioner pleads that he intended to make the maximum allowable contribution and that the result mandated by the application of section 404(a)(6) to the facts of the instant case is harsh.However, the statute is clear. This Court's statement in Gillis v. Commissioner,63 T.C. 11, 17 (1974) is apposite: Petitioners urge us to expand or modify the terms "paid" or "payment," holding that substantial compliance with the statute is sufficient in order to avoid denial of a deduction for the disputed payment. But we cannot ignore the plain language of the statute or the purposes it was designed to serve. Congress has hedged deductions for deferred compensation with a host *98 of requirements which are designed to assure, as a condition to deductibility, that the funds are irrevocably set aside for the employee-beneficiaries' benefit within prescribed periods of time. Otherwise, the payments might never be made in cases of insolvency, bankruptcy, or other unforeseen conditions. The good-faith intentions of petitioners in this case ultimately to make the payments are not in dispute. But the statutory requirement is not conditioned on good intentions. The statute prescribes specific requirements which must be met if the deduction is to be allowed. * * * [Fn. ref. omitted.] Similarly, in Don E. Williams Co. v. Commissioner,supra at 579, the Supreme Court pointed out, after reviewing the legislative history of section 404(a), that "the apparent policy behind the statutory provision [was] * * * that an objective outlay-of-assets test would insure the integrity of the employees' plan and insure the full advantage of any contribution which entitles the employer to a tax benefit." This Court is not at liberty to disregard clear congressional intent in order to hold that petitioner is entitled to a deduction for an amount which he *99 unfortunately did not pay in 1974. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. /↩ In computing petitioner's net profit from his insurance business respondent allowed a deduction in the amount of $ 1,680 for petitioner's contribution to the H.R. 10 plan made on behalf of his only employee.
3. / By sec. 404(a)(8)↩, dealing with plans for self-employed individuals, the definitions in sec. 401(c) are made applicable to, among other plans, profit-sharing trusts like the one created by petitioner. Sec. 401(c)(4) provides that "an individual who owns the entire interest in an unincorporated trade or business shall be treated as his own employer," and sec. 401(c)(2)(A) provides that the term "earned income" means, in general, the "net earnings from self-employment."
4. /Sec. 404(e)(1) provides as follows: (e) Special Limitations for Self-Employed Individuals.-- (1) In general.--In the case of a plan included in subsection (a)(1), (2), or (3), which provides contributions or benefits for employees some or all of whom are employees within the meaning of section 401(c)(1), the amounts deductible under subsection (a) in any taxable year with respect to contributions on behalf of any employee within the meaning of section 401(c)(1) shall, subject to paragraphs (2) and (4), not exceed $ 7,500, or 15 percent of the earned income derived by such employee from the trade or business with respect to which the plan is established, whichever is the lesser.↩
5. / In the instant case, no grace period applied to petitioner, a cash basis taxpayer, for 1974. Under sec. 1017(b) of ERISA (prior to its amendment by the Tax Reduction Act of 1975), in the case of a plan which was in existence on Jan. 1, 1974, the sec. 1013(c)(2) of ERISA amendment applies for contributions on account of taxable years of an employer ending with or within plan years beginning after Dec. 31, 1975. Sec. 402 of the Tax Reduction Act of 1975 (89 Stat. 47) altered the effective date of the grace period set forth in sec. 1013(c)(2) of ERISA to provide, in the case of a plan which was in existence on Jan. 1, 1974, and which provides contributions or benefits for self-employed individuals, that the grace period amendment shall apply for taxable years of an employer ending with or within plan years beginning after Dec. 31, 1974. See sec. 11.404(a)(6)-1(a) and (b), Temporary Income Tax Regs.↩